# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 20-60810
Summary Calendar

Delmy Carolina Hernandez; Melany Nayely Merlo-Hernandez; Jeysy Abigail Merlo-Hernandez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 720 291
BIA No. A206 720 292
BIA No. A206 722 865

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Delmy Carolina Hernandez and her minor children Melany Nayely Merlo-Hernandez and Jeysy Abigail Merlo-Hernandez, natives and citizens of Honduras, petition for review of an order by the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

To establish eligibility for asylum, an applicant must prove that she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). The burden is on the applicant to present "specific, detailed facts" to demonstrate past persecution or a well-founded fear of future persecution. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (quoting *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994)).

Persecution is not mere harassment or discrimination, and instead "is a specific term that 'does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.'" *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020) (quoting *Majd v. Gonzales*, 446 F.3d

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

590, 595 (5th Cir. 2006)).  While Hernandez argues that she and her family suffered persecution when they received threats of harm and death from gang members, when they were threatened when they travelled through gang-controlled territory, and when her oldest daughter was harassed by gang members, unfulfilled threats unaccompanied by violence fail to rise to the level of persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006).  Accordingly, there is no basis to overturn the BIA's determination that the petitioners failed to demonstrate past persecution.

In determining whether there is a nexus, we examine "whether the protected ground is one central reason motivating the *persecutor*, not the *persecuted*."  *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021), *petition for cert. filed* (U.S. Oct. 27, 2021) (No. 21-632).  Despite the petitioners' assertions to the contrary, Hernandez's testimony merely reflects that she and her family were subjected to general criminal activity.  Therefore, substantial evidence supports the BIA's determination that the petitioners failed to demonstrate that they had a well-founded fear of future persecution on account of a protected basis.  *See Cabrera v. Sessions*, 890 F.3d 153, 159-60 (5th Cir. 2018).

To qualify for withholding of removal, an applicant has the burden of demonstrating that it is more likely than not that she will be persecuted on account of her race, religion, nationality, membership in a particular social group, or political opinion.  *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019).  While the petitioners contend that the burden for demonstrating a nexus between the suffered harm and a protected ground is more relaxed in the withholding context, our caselaw suggests otherwise.  *See Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018); *Quinteros-Hernandez v. Sessions*, 740 F. App'x 57, 58 (5th Cir. 2018).  Because the petitioners "failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief," they cannot meet the more stringent burden for obtaining

No. 20-60810

withholding of removal, and they are therefore unable to demonstrate that the BIA erred in disposing of this claim. *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (internal quotation marks and citation omitted).

Finally, substantial evidence supports the BIA's determination that the petitioners were not entitled to protection under the CAT because they failed to offer any evidence that public officials have participated in, consented to, or willfully ignored gang violence. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015).

Based upon the foregoing, the petition for review is DENIED.